I respectfully dissent as to Rosser as I feel the trial court improperly withheld Dean's claim of battery against him from the jury.
Although Dean signed a consent form for performance of the laproscopic surgery, Dean testified that this consent was conditional only. Dean agreed to consent to the surgery on the basis of Rosser's assurances that if any problems arose he would revert to the open surgical procedure. Rosser testified that he did in fact represent to Dean that if problems arose he would revert to an open procedure. There is no dispute this was the arrangement.
Therefore, Dean's claim of battery rests on the theory of conditional consent only not on lack of informed consent. Since Rosser admits he agreed to open Dean up if a problem arose, I feel a jury question was presented as to whether he exceeded the terms of her consent when he failed to revert to an open procedure after encountering the inspissated stool and chipping away at it for three and one half hours.
I concur in judgment on the remaining claims and would reverse on the battery claim against Rosser.